UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
YEIMY PEREZ,

                                  Plaintiff,

                                                            **Docket No. 17-CV-01961-(DLI)(RLM)**

        -against-

BROADWAY FISH MARKET, INC., and LIN ZHI,

                                Defendants.
-----------------------------------------------------------------X

## SETTLEMENT AGREEMENT & RELEASE

      This Agreement and Release ("Agreement") is made by and between BROADWAY FISH MARKET, INC. on its own behalf and on behalf of its subsidiaries, divisions, affiliates, parents, corporations under common ownership or control or related business entities, branches, counsel, predecessors, successors and assigns, and their past and present officers, directors, trustees, shareholders, partners, board members, principals, professional employer organizations, executors, owners, employees, agents, stockholders, partners, members, administrators, representatives, attorneys, insurers or fiduciaries in their individual and/or representative or official capacities, and LIN ZHI, on her own behalf and on behalf of her heirs, executors, administrators, successors and assigns (hereinafter collectively referred to as "Defendants" or "RELEASEES"), and YEIMY PEREZ, on her own behalf and on behalf of her heirs, executors, administrators, successors and assigns ("Plaintiff") (Plaintiff and Defendants are hereinafter collectively referred to as the "Parties").

      WHEREAS, Defendants and Plaintiff are parties to a lawsuit in the United States District Court for the Eastern District of New York, entitled Perez v. Broadway Fish Market, Inc., 17-CV-01961 (DLI) (RLM) (the "Civil Action");

      WHEREAS the Defendants and the Plaintiff to that lawsuit wish to reach a compromise of that Civil Action;

      WHEREAS the Parties to this action attended a settlement conference before the Chief Magistrate Judge Roanne L. Mann where the merits of the Civil Action were discussed, and following which the essential terms of the instant Agreement were agreed to by the Parties;

      WHEREAS, the Parties understand that Defendants, as defined above, on their own behalf and on behalf of their subsidiaries, divisions, affiliates, parents, corporations under common ownership or control or related business entities, branches, counsel, predecessors, successors and assigns, and their past and present officers, directors, trustees, shareholders, partners, board members, principals, professional employer organizations, executors, owners, employees, agents, stockholders, partners, members, administrators, representatives, attorneys, insurers or fiduciaries in their individual and/or representative or official capacities, and all

individual Defendants' heirs, executors, administrators, successors and assigns including but not limited to, BROADWAY FISH MARKET, INC. and LIN ZHI deny each and every assertion of wrongdoing with respect to Plaintiff;

WHEREAS, Plaintiff, with full assistance and through consultation with counsel, freely and voluntarily enters into this Agreement in exchange for the promises contained herein which pertain to Defendants and the full payment due from Defendants as provided for herein;

WHEREAS, the Court has made no findings as to the merits of the Complaint;

WHEREAS, the terms and conditions of this Agreement, including the Release incorporated herein, have been explained to the Parties by their counsel;

NOW THEREFORE, in consideration of the foregoing, the mutual promises and the Release contained herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties each agree as follows:

1. In consideration for the payment of THIRTY SIX THOUSAND DOLLARS ($36,000.00) ("the Settlement Payment") as set forth in Paragraph 2 herein, Plaintiff hereby releases, waives and forever discharges all claims against Defendants, their subsidiaries, divisions, affiliates, parents, corporations under common ownership or control or related business entities, branches, counsel, predecessors, successors and assigns, and their past and present officers, directors, trustees, shareholders, partners, board members, principals, professional employer organizations, executors, owners, employees, agents, stockholders, partners, members, administrators, representatives, attorneys, insurers or fiduciaries in their individual and/or representative or official capacities, and all individual Defendants' heirs, executors, administrators, successors and assigns (collectively referred to as "RELEASEES"), which against the RELEASEES, Plaintiff or Plaintiff's heirs, executors, administrators, successors, and/or assigns, may now have, could have made, or did make in the Complaint filed in this Civil Action, relating to Defendants' alleged failure to pay overtime, minimum wage, failure to provide wage notices, and failure to provide wage statements, pursuant to the Fair Labor Standards Act, 29 U.S.C. '201 et seq., New York Labor Law, local law, and all rules and regulations regarding same. It is expressly understood and agreed that the matter pending before the New York State Division of Human Rights and titled, <u>New York State Division of Human Rights on the Complaint of Yeimy Perez versus Broadway Fish Market, Inc., and Luis Gonzalez</u>, case No.: 10182749 (the "NYSDHR Case") is excluded from this Release.

2. Defendants agree to pay the total gross sum of Thirty-Six Thousand Dollars ($36,000.00) as a full and final settlement of this Action (the ASettlement Payment@), of which Twelve Thousand Four Hundred Eighty Six Dollars ($12,486.00) shall be payable to Plaintiff=s counsel, Robert Wisniewski P.C. ("Plaintiff's Counsel") as attorney's fees, including Seven Hundred Thirty Dollars ($730.00) payable to Plaintiff's Counsel as costs, and Twenty Three Thousand Five Hundred Fourteen Dollars ($23,514.00) shall be payable to Plaintiff ("Plaintiff's Amount"). In addition, the following conditions shall apply to the Settlement Payment:

a.  All checks constituting the Settlement Payment shall be delivered to Plaintiff=s counsel, Robert Wisniewski P.C. at 225 Broadway, Suite 1020, New York, NY 10007.

b.  Fifty percent (50%) of Plaintiff's Amount shall be treated as wages and shall be paid via payroll checks with appropriate withholdings for taxes and payroll taxes, such as Social Security, Medicare contributions, and for which an IRS W-2 form shall be issued by Defendants for the tax years 2017 or 2018, as the case may be. Defendants shall calculate all withholdings from wages, as if those wages were paid over a period of one (1) year. The other fifty percent (50%) of the settlement payment due Plaintiff shall be considered liquidated damages and an IRS Form 1099 shall be issued to Plaintif by Defendants for the tax years 2017 or 2018, as the case may be. Defendants shall also issue an appropriate IRS Form 1099 to Plaintiff=s counsel Robert Wisniewski P.C. for the amounts it received.

c.  All Defendants are each jointly and severally liable for the Settlement Payment set forth in Paragraph 1, as well as for any breach of any paragraph or subparagraph of this Agreement.

d.  The Parties agree that should any federal, state or local taxes be determined to be owing by any party on the payment of the sums received by Plaintiff under this paragraph, each party shall be solely and completely responsible for his, her or its taxes, interest or penalties.

e.  The Settlement Payment made pursuant to this Agreement cannot be construed as an admission of liability by the Defendants regardless of the method of payment or the payor.

f.  Plaintiff acknowledges and accepts the settlement and the amount to be paid to Plaintiff's Counsel.

3.  The Settlement Payment shall be allocated as Installment Payments as follows:

a.  Within ten (10) business days of the Court approving this Agreement and dismissing this case with prejudice, Defendants shall issue three (3) checks to Plaintiff's Counsel in the total gross amount of TWENTY THOUSAND DOLLARS ($20,000.00) (the "First Installment Payment"), allocated as follows:

    i.  One check in the amount of SIX THOUSAND FIVE HUNDRED THIRTY-TWO DOLLARS ($6,532.00), made payable to "Yeimy Perez", for which Plaintiff shall receive an IRS 1099 tax form. The foregoing amount shall constitute liquidated damages subject to W9 reporting and will not be subject to applicable federal, state, municipal and social security wages.

    ii.  One check in the gross amount of SIX THOUSAND FIVE HUNDRED THIRTY-TWO DOLLARS ($6,532.00), made payable to "Yeimy Perez," less all

applicable federal, state, municipal and social security taxes. The foregoing amount shall constitute payment for back wages purportedly owed, and Defendants will apply a tax rate for said back wages, and provide a W-2 based upon Plaintiff submitting a W-4 form.

iii. One check in the amount of SIX THOUSAND NINE HUNDRED THIRTY SIX DOLLARS ($6,936.00), made payable to "Robert Wisniewski P.C.", as and for attorney's fees and costs. Defendants shall issue an IRS Form 1099 to Robert Wisniewski, P.C. in connection with this payment. The foregoing amount shall constitute attorney's fees and costs subject to W9 reporting.

b. Within thirty (30) days of the First Installment Payment, Defendants shall issue three (3) checks to Plaintiff's Counsel in the total gross amount of FIVE THOUSAND, FIVE HUNDRED DOLLARS ($5,500.00) (the "Second Installment Payment"), allocated as follows:

i. One check in the amount of ONE THOUSAND SEVEN HUNDRED NINETY SIX AND 30/100 DOLLARS ($1,796.30), made payable to "Yeimy Perez", for which Plaintiff shall receive an IRS 1099 tax form. The foregoing amount shall constitute liquidated damages subject to W9 reporting and will not be subject to applicable federal, state, municipal and social security wages.

ii. One check in the gross amount of ONE THOUSAND SEVEN HUNDRED NINETY SIX AND 30/100 DOLLARS ($1,796.30), made payable to "Yeimy Perez," less all applicable federal, state, municipal and social security taxes. The foregoing amount shall constitute payment for back wages purportedly owed, and Defendants will apply a tax rate for said back wages, and provide a W-2 based upon Plaintiff submitting a W-4 form.

iii. One check in the amount of ONE THOUSAND NINE HUNDRED SEVEN AND 40/100 DOLLARS ($1,907.40), made payable to "Robert Wisniewski P.C.", as and for attorney's fees and costs. Defendants shall issue an IRS Form 1099 to Robert Wisniewski, P.C. in connection with this payment. The foregoing amount shall constitute attorney's fees and costs subject to W9 reporting.

c. Within thirty (30) days of delivery of the Second Installment Payment, Defendants shall issue three (3) checks to Plaintiff's Counsel in the total gross amount of FIVE THOUSAND, FIVE HUNDRED DOLLARS ($5,500.00) (the "Third Installment Payment"), allocated as follows:

i. One check in the amount of ONE THOUSAND SEVEN HUNDRED NINETY SIX AND 30/100 DOLLARS ($1,796.30), made payable to "Yeimy Perez", for which Plaintiff shall receive an IRS 1099 tax form. The foregoing amount shall constitute liquidated damages subject to W9 reporting and will not be subject to applicable federal, state, municipal and social security wages.

   ii. One check in the gross amount of ONE THOUSAND SEVEN HUNDRED NINETY SIX AND 30/100 DOLLARS ($1,796.30), made payable to "Yeimy Perez," less all applicable federal, state, municipal and social security taxes. The foregoing amount shall constitute payment for back wages purportedly owed, and Defendants will apply a tax rate for said back wages, and provide a W-2 based upon Plaintiff submitting a W-4 form.

   iii. One check in the amount of ONE THOUSAND NINE HUNDRED SEVEN AND 40/100 DOLLARS ($1,907.40), made payable to "Robert Wisniewski P.C.", as and for attorney's fees and costs. Defendants shall issue an IRS Form 1099 to Robert Wisniewski, P.C. in connection with this payment. The foregoing amount shall constitute attorney's fees and costs subject to W9 reporting.

 d. Within thirty (30) days of delivery of the Third Installment Payment, Defendants shall issue three (3) checks to Plaintiff's Counsel in the total gross amount of FIVE THOUSAND DOLLARS ($5,000.00) (the "Fourth Installment Payment"), allocated as follows:

   i. One check in the amount of ONE THOUSAND SIX HUNDRED THIRTY THREE DOLLARS ($1,633.00), made payable to "Yeimy Perez", for which Plaintiff shall receive an IRS 1099 tax form. The foregoing amount shall constitute liquidated damages subject to W9 reporting and will not be subject to applicable federal, state, municipal and social security wages.

   ii. One check in the gross amount of ONE THOUSAND SIX HUNDRED THIRTY THREE DOLLARS ($1,633.00), made payable to "Yeimy Perez," less all applicable federal, state, municipal and social security taxes. The foregoing amount shall constitute payment for back wages purportedly owed, and Defendants will apply a tax rate for said back wages, and provide a W-2 based upon Plaintiff submitting a W-4 form.

   iii. One check in the amount of ONE THOUSAND SEVEN HUNDRED THIRTY FOUR DOLLARS ($1,734.00), made payable to "Robert Wisniewski P.C.", as and for attorney's fees and costs. Defendants shall issue an IRS Form 1099 to Robert Wisniewski, P.C. in connection with this payment. The foregoing amount shall constitute attorney's fees and costs subject to W9 reporting.

 e. In the event Defendants default in making any Installment Payment to Plaintiff or

Plaintiff's Counsel in accordance with this Agreement on the date that such Installment Payment is due and payable, then Plaintiffs shall deliver to Defendants a written notice of payment default ("Notice of Payment Default"). Defendants then shall have ten (10) business days to cure the default. If Defendants do not cure the default, then the remaining Settlement Payment (that is, the entire Settlement Payment <u>minus</u> payments actually made) shall <u>automatically</u> become due and payable in one lump sum on the date the Installment Payment was due and payable ("Accelerated Settlement Payment"), and Plaintiff or Plaintiff's Counsel may apply to the United States District Court for the Eastern District of New York, or any court of competent jurisdiction, against Defendants without further notice for the Accelerated Settlement Payment, plus damages and attorneys' fees and costs as provided for in Paragraph 8.

4. The parties agree that, except as provided for in this Agreement or as may be determined in Plaintiff's NYSDHR Case based on the already pending allegations, Plaintiff is not presently entitled to any pay, damages, monies, or benefits from Defendants including, but not limited to, wages, compensatory damages, statutory damages, liquidated damages, attorneys' fees, expenses, commissions, bonuses, sick pay, holiday pay, vacation pay, severance payments, wages, salary or consulting payments.

5. Plaintiff understands and agrees she would not receive the monies specified in this Agreement except for her execution of this Agreement and her agreement to fulfill the promises described herein. Except as otherwise previously alleged in the NYSDHR Case, Plaintiff acknowledges and represents she is not currently suffering from any injury or disease including, but not limited to, a stress-related injury or disease, caused by or in any way related to her employment with Defendants.

6. Except as provided herein, Plaintiff hereby covenants and agrees not to sue, commence, prosecute and continue any other proceeding or complaint (civil, administrative or criminal), or accept any relief individually or as a member of a class, against Defendants in any court of law or equity, or before any administrative agency, in her own name, or accept any relief as a member of a class, against Defendants in any court of law or equity, or before any administrative agency, with respect to any claim of a violation of the laws and regulations set forth in Paragraph 1. Plaintiff agrees to discontinue and withdraw any existing or pending proceedings or complaints brought in her own name, or in her place in whole or in part, against Defendants with respect to any claims concerning laws or regulations set forth in Paragraph 1. In the event any administrative agency fails or refuses to close any proceeding or complaint filed by Plaintiff against Defendants notwithstanding Plaintiff's filing of said notice, Plaintiff agrees to take any and all steps reasonably necessary to bring about the final closure of such proceeding or complaint. Defendants explicitly acknowledge the discontinuance/withdrawal required by this instant paragraph does not apply to, and shall have no effect on, Plaintiff's NYSDHR Case.

7. Except as provided for in this Agreement, Plaintiff agrees that, in the event she is subpoenaed by any person or entity to give testimony (in a deposition, court proceeding or otherwise) which in any way relates to any subject matter directly or indirectly relevant to the instant proceedings and settlement, she will give prompt and reasonable notice of such request

(but no later than within three (3) business days of receipt of the request) to Defendants as set forth in Paragraph 14 of this Agreement.

8.  In the event that any party breaches, violates, fails or refuses to comply with any of the provisions, terms or conditions or any warranties, covenants, or representations of this Agreement, the ("Breach"), the non-breaching party or parties are entitled to recover damages as against the breaching party or parties, including interest, costs, expenses and reasonable attorneys' fees, including any appeal and collection proceeding, accruing to the non-breaching party or parties as a consequence of the Breach. Regardless of and in addition to any right to damages, the non-breaching party or parties may have, the non-breaching party or parties shall be entitled to immediate injunctive relief without the need to post a bond therefore.

9.  Nothing in this Agreement shall be construed to restrict any communication or participation Plaintiff may have with any agency of the United States government, subdivision thereto, or any State or Municipal government agency charged with the enforcement of any law. Plaintiff understands that although she is not prohibited from filing a charge or complaint against Defendants with any agency of the United States government, any subdivision thereto, or any State or Municipal government agency charged with the enforcement of any law by virtue of this Agreement, Plaintiff waives any right to recover monetary damages in any charge, complaint or lawsuit filed by Plaintiff or anyone else on Plaintiff's behalf with respect to any of the laws and regulations set forth in Paragraph 1.

10. The Parties understand and agree that neither the making of this Agreement, nor anything contained herein shall, in any way, be construed or considered to be an admission by Defendants of liability, guilt or noncompliance with any federal, state, city, or local statute, constitution, rule, ordinance, public policy, human rights or civil rights law, wage-hour law, wage-payment law, tort law, contract, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever to the Plaintiff. It is expressly understood and agreed that this Agreement is being entered into solely for the purpose of avoiding the costs of litigation and amicably resolving all matters in controversy, disputes, causes of action, claims contentions and differences of any kind whatsoever which have been or could have been alleged by the Parties against each other;

11. If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of the provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction or an arbitrator that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to execute promptly a release, waiver and/or covenant that is legal and enforceable.

12. Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with her legal counsel. Plaintiff acknowledges she did so; it is her choice to waive any potential claims (those set forth in Paragraph 1) in return for the benefits set forth herein; and, said choice was made after careful thought, and after consulting with her attorneys. Plaintiff represents she has been advised to and did consult legal counsel regarding this Agreement.

Plaintiff further represents that after having had a full opportunity to review and consider the terms and conditions of this Agreement, and having discussed them with any member of her immediate family, counsel or financial advisor of his own choosing, and having had sufficient time to review and consider this Agreement, Plaintiff fully understands all of the provisions of this Agreement and has executed same freely and voluntarily.

13. All notices or other communication provided for or permitted herein, shall be in writing, and mailed by U.S. Registered or Certified Mail/Return Receipt Requested, reputable overnight express courier (Fed Ex, UPS, etc.) or sent by telecopy, electronic or other similar communication, provided that, if such communication is used, the notice is also mailed simultaneously by First-Class U.S. Mail, to the party entitled or required to receive same, at the address set forth below or at such other address as such party shall designate by a notice given pursuant to this paragraph. All such notices, etc., shall be deemed given when mailed in accordance with this paragraph.

    i)     If to Plaintiff:
        Robert Wisniewski, Esq.
        Robert Wisniewski P.C.
        225 Broadway, Suite 1020
        New York, New York 10007
        Email: rw@rwapc.com

    ii)     If to Defendants
        Michael T. Lamberti, Esq.
        Law Office of Michael T. Lamberti
        188 Lafayette Street
        New York, NY 10013
        Email: michael@lambertilaw.com

with a copy to:

        Manny A. Frade, Esq.
        Meltzer, Lippe, Goldstein & Breitstone, LLP
        190 Willis Avenue
        Mineola, New York 11501
        Email: mfrade@meltzerlippe.com

All parties hereto are obligated to keep their attorneys informed at all times of their current addresses, e-mail addresses and telephone numbers at which they can be reached by their attorney to convey any notice hereunder.

14. Upon the execution of the Agreement by all parties, Plaintiff's Counsel shall then promptly file a motion seeking judicial approval of this Agreement and the dismissal of the Civil Action with prejudice and attach to such a motion the "Voluntary Dismissal with Prejudice" (attached hereto as Exhibit A and to be executed by counsel for the Parties) dismissing all claims

in the Civil Action with prejudice and without costs or fees assessed against any party except as provided for in this Agreement.

15. Enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of New York, regardless of whether any party is, or may hereafter be, a resident of another state.

16. No waiver, modification, or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by or on behalf of all of the Parties, and then only to the extent set forth in such written waiver, modification or amendment.

17. This Agreement shall be binding upon, and inure to the benefit of, the Parties and their affiliates, beneficiaries, heirs, executors, administrators, successors and assigns.

18. Other than as explicitly provided for herein, this Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to, any third party as a beneficiary of this Agreement.

19. In any interpretation of this Agreement the masculine, feminine or neuter pronouns, respectively, shall include the other genders.

20. Each of the covenants contained herein is a separate and independent covenant. A breach, finding of unenforceability or waiver of any one covenant herein (or of any other covenant or agreement between these parties) shall not relieve either party of any remaining obligations hereunder.

21. Should there be any ambiguity with respect to the interpretation of this Agreement, no inference will be drawn against the drafter of the Agreement in connection with said dispute. This Agreement will be interpreted by the trier of fact without regard to the identity of the drafter of the Agreement.

22. This Agreement shall become effective upon its execution by all parties.

23. This Agreement may be executed in two or more counterparts, each of which together shall be deemed an original, but all of which together shall constitute one and the same instrument. In the event that any signature is delivered by facsimile transmission or by e-mail delivery of an ADOBE ".pdf" format data file, such signature shall create a valid and binding obligation of the party executing (or on whose behalf such signature is executed) with the same force and effect as if such facsimile or ".pdf" signature page were an original thereof.

24.     This Agreement incorporates the essential terms agreed upon at the settlement conference and supersedes all prior agreements or understandings of any kind, whether oral and written, and represents the entire Agreement. This Agreement is intended to provide and memorialize the full and final compromise and settlement of all matters in controversy, disputes, causes of action, claims, contentions and differences between the parties to this Agreement. This Agreement represents the entire understanding of the Parties with respect to the subject matter hereof.

IN WITNESS WHEREOF, Plaintiff and Defendants have duly executed this Agreement & General Release.

Plaintiff:

*/s/ Yeimy Perez*
**YEIMY PEREZ**

Dated: 12/15/17, 2017

Defendants:

**BROADWAY FISH MARKET, INC.**

By: _____

Dated: _____, 2017


_____
**LIN ZHI**

Dated: _____, 2017

24. This Agreement incorporates the essential terms agreed upon at the settlement conference and supersedes all prior agreements or understandings of any kind, whether oral and written, and represents the entire Agreement. This Agreement is intended to provide and memorialize the full and final compromise and settlement of all matters in controversy, disputes, causes of action, claims, contentions and differences between the parties to this Agreement. This Agreement represents the entire understanding of the Parties with respect to the subject matter hereof.

IN WITNESS WHEREOF, Plaintiff and Defendants have duly executed this Agreement & General Release.

Plaintiff:

*/s/ Yeimy Perez*
**YEIMY PEREZ**

Dated: 12/15/17, 2017

Defendants:

**BROADWAY FISH MARKET, INC.**

By: */s/ Lin Zhi*
AS PRESIDENT PREVIOUS

Dated: 12/21, 2017

*/s/ Lin Zhi*
**LIN ZHI**

Dated: 12/21, 2017

811872

10

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
YEIMY PEREZ,

                       Plaintiff,                    Docket No. 17-CV-01961-(DLI)(RLM)

      -against-                      **FRCP 41(a)(2)**
                                                                       **VOLUNTARY DISMISSAL WITH**
BROADWAY FISH MARKET, INC., and LIN ZHI,  **PREJUDICE**

                       Defendants.
-------------------------------------------------------------X

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties that pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure the within action shall be, and the same hereby is, dismissed in its entirety, with prejudice and without costs and/or attorneys' fees to any party as against any other party, except that said dismissal is without prejudice to Plaintiff reopening this case in the event that Defendants fail to make all of the payments set forth in the Parties' Settlement Agreement;

**IT IS FURTHER STIPULATED AND AGREED,** that this Voluntary Dismissal may be signed in counterparts and by facsimile or electronic signature each of which shall be an original but all of which together shall constitute one and the same instrument. This Voluntary Dismissal may be filed without further notice with the Court.

Dated: _____, 2017

**ROBERT WISNIEWSKI P.C.**

By:_____
Robert Wisniewski, Esq.
*Attorneys for Plaintiff*
225 Broadway, Suite 1020
New York, NY 10007
Tel: (212) 267-2101

Dated: 12-19-17, 2017

**LAW OFFICE OF MICHAEL T. LAMBERTI**

By:_____
Michael T. Lamberti, Esq.
*Attorneys for Defendants*
188 Lafayette Street
New York, NY 10013
Tel: (212) 796-2121

Dated: _____, 2017

**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**

By:_____
Manny A. Frade, Esq.
*Attorneys for Defendants*
190 Willis Avenue
Mineola, New York 11501
Tel: (516) 747-0300

So Ordered:

_____

IT IS FURTHER STIPULATED AND AGREED, that this Voluntary Dismissal may be signed in counterparts and by facsimile or electronic signature each of which shall be an original but all of which together shall constitute one and the same instrument. This Voluntary Dismissal may be filed without further notice with the Court.

Dated: _____, 2017

**ROBERT WISNIEWSKI P.C.**

By:_____
Robert Wisniewski, Esq.
*Attorneys for Plaintiff*
225 Broadway, Suite 1020
New York, NY 10007
Tel: (212) 267-2101

Dated: _____, 2017

**LAW OFFICE OF MICHAEL T. LAMBERTI**

By:_____
Michael T. Lamberti, Esq.
*Attorneys for Defendants*
188 Lafayette Street
New York, NY 10013
Tel: (212) 796-2121

Dated: 12·22, 2017

**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**

By:_____
Manny A. Frade, Esq.
*Attorneys for Defendants*
190 Willis Avenue
Mineola, New York 11501
Tel: (516) 747-0300

So Ordered: _____

811872

12